**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JUDITH A. WAGNER, *Chapter 11*
*Trustee of the Bankruptcy Estate*
*of the Vaughan Company, Realtors*,

       Plaintiff/Counter Defendant,

v.                                            CV 12-0115 WPL/ACT

PATTI MADDOX,

       Defendant/Counter Claimant.

**MEMORANDUM OPINION AND ORDER**

This matter is before me on Plaintiff/Counter Defendant Judith Wagner's Motion to Dismiss Defendant's Counterclaim Pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. 8.) The United States Bankruptcy Court for the District of New Mexico appointed Wagner to serve as the Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company, Realtors ("VCR"). (*Id.* at 1.) VCR descended into bankruptcy after Douglas F. Vaughan, the former controlling shareholder, used the company to run a Ponzi scheme from 1993 until January 2010.[1] (Doc. 1 at 2, 5, 8.) Defendant/Counter Claimant Patti Maddox was VCR's account manager and accountant until 2010. (*Id.* at 2.)

Wagner, acting in her official capacity as trustee, brought this lawsuit against Maddox alleging breach of contract, negligence, breach of the fiduciary duty of loyalty, and aiding and abetting the breach of a fiduciary duty. (*Id.* at 8-13.) Wagner seeks compensatory, consequential, and punitive damages, as well as disgorgement of any monies paid by VCR to Maddox for her

---

[1] Vaughan entered into a plea agreement with the United States, admitting guilt to various securities violations. (Doc. 1 at 8.)

services. (*Id.* at 14.)

In her answer, Maddox asserted counterclaims against Wagner, VCR, and former VCR minority shareholder, James Salazar, for malicious prosecution and indemnification.[2] (Doc. 5.) Wagner moved to dismiss both counterclaims for lack of subject matter jurisdiction and failure to state a claim. (Doc. 8 at 1.) Maddox opposed this motion (Doc. 11), and Wagner filed a reply (Doc. 12). Pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to have me serve as the presiding judge and enter a final judgment. Having considered the facts and the relevant law, I GRANT Wagner's motion to dismiss for lack of subject matter jurisdiction, and I dismiss both of Maddox's counterclaims without prejudice.[3]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows the court to dismiss a complaint for lack of subject matter jurisdiction. Whether the court has jurisdiction to hear a claim is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Unless the plaintiff articulates an applicable jurisdictional basis, the federal court must presume that it does not have jurisdiction over a complaint. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citations omitted). If the court lacks jurisdiction, the complaint must be dismissed without prejudice. *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (holding in the Tenth Circuit, when a court dismisses a case for want of jurisdiction, it must be without prejudice).

---

[2] Neither VCR nor Salazar are named parties in this action.

[3] I will not consider Wagner's argument for dismissal for failure to state a claim, since I find that this Court lacks jurisdiction.

**DISCUSSION**

Wagner argues that this Court lacks subject matter jurisdiction over Maddox's counterclaims since Maddox has not obtained leave from the bankruptcy court to bring her claims. (Doc. 8 at 2.) In support of this proposition, she relies on the *Barton* Doctrine, which is a judicially-created jurisdictional bar to lawsuits against a trustee without leave of the appointing court. *Barton v. Barbour*, 104 U.S. 126, 128 (1881), *superceded in part by statute*, 28 U.S.C. § 959; *Teton Millwork Sales v. Schlossberg*, 311 F. App'x 145, 148 (10th Cir. 2009) (unpublished). Maddox counters that the doctrine is not applicable because the basis for her claims makes her eligible for a statutory exception to the *Barton* Doctrine. Further, she argues that by bringing her claims in the same district as the bankruptcy court, she has met the *Barton* requirement. Alternatively, she asserts that the Court must hear her claims, irrespective of the *Barton* Doctrine, because they are mandatory counterclaims under Federal Rule of Civil Procedure 13(a).

    **A.**    **The *Barton* Doctrine**

The Supreme Court held in *Barton* that "before suit is brought against a receiver[,] leave of the court by which [the receiver] was appointed must be obtained." 104 U.S. at 128. Courts have dubbed this rule the *Barton* Doctrine and expanded it to include bankruptcy proceedings, such that "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *See Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005) (citing *Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir. 2004); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000); *In re Linton*, 136 F.3d 544, 546 (7th Cir. 1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272, 276 (2d Cir. 1996); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Kashani v. Fulton (In re Kashani)*, 190

B.R. 875, 883-85 (B.A.P. 9th Cir. 1995)).

There is a limited statutory exception to the *Barton* Doctrine. Under 28 U.S.C. § 959(a), "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." Congress created this exception to the doctrine in order to "permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." *Carter*, 220 F.3d at 1254 (quoting *Lebovits*, 101 F.3d at 276). A court applies this statutory exception only after determining the nature of the trustee's activities underlying the lawsuit. If the lawsuit arises out of the trustee's "carrying on business," then § 959 applies; if the basis of the lawsuit is in the trustee's administration of the estate, then the *Barton* Doctrine remains a bar to jurisdiction. *In re B & L Oil Co.*, 834 F.2d 156, 158-59 (10th Cir. 1987).

Courts interpret "carrying on business" narrowly, and "merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." *In re B & L Oil Co.,* 834 F.2d at 159 (citations omitted); *see also Satterfield v. Malloy*, No. 10-CV-03-TCK-FHM, 2011 U.S. Dist. LEXIS 64516, at *15-16 (N.D. Okla. June 8, 2011). The court will presume that the acts giving rise to the suit are within the context of the administration of the estate unless the party can demonstrate otherwise from the outset. *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012).

Maddox asserts that her counterclaims are grounded in the trustee's carrying on of business. (Doc. 11 at 3.) Wagner disagrees and believes that the lawsuit is part of administering the bankruptcy estate. (Doc. 8 at 2-3.) To resolve this jurisdictional issue, I must determine whether Wagner's decision to sue Maddox for breach of contract, negligence, breach of a fiduciary duty, and

aiding and abetting the breach of a fiduciary duty constitutes carrying on business or merely administering a bankruptcy estate.

The Fourth Circuit's recent decision in *McDaniel* offers persuasive guidance on this question. In *McDaniel*, the bankruptcy court appointed a trustee to administer the estate of a bankrupt company, and the trustee began adversarial proceedings against the company's former attorneys and accountant for fraudulently conveying company property, breaches of fiduciary duty, and unfair and deceptive trade practices. 668 F.3d at 155. The former employees countersued for acts occurring during the litigation, alleging claims of obstruction of justice, conversion, invasion of privacy, breach of fiduciary duty, and civil conspiracy. *Id.* at 155-56. The appeal focused on other issues relating to the application of the *Barton* Doctrine; however, the court and the parties all agreed that the trustee's initial legal action against the company's attorneys and accountant did not constitute carrying on business connected with the property of the estate, so § 959(a) could not apply. *Id.* at 157 n. 2.

Just as in *McDaniel*, Wagner brought this action against a former VCR employee for her alleged involvement in and knowledge of breaches of duty and torts against the bankrupt company. The purpose of the action is to compensate the company for Maddox's actions and disgorge Maddox of any ill-gotten gains and, thus, is connected with Wagner's overall administration, collection of assets, and liquidation of VCR's estate. (Doc. 1 at 14 (requesting compensatory, consequential, and punitive damages, and disgorgement).)

Further, VCR was a securities and financial consulting corporation. To be "carrying on business," Wagner would need to engage in activities proximately related to the carrying out of this type of business, such as the purchase or lease of office space for VCR's continued operation or selling or buying financial instruments. There is no indication that Wagner was engaged in any

5

activities of the sort, let alone that the lawsuit against Maddox arose out of such activities. This action against Maddox falls squarely within Wagner's official duties, so the *Barton* Doctrine applies.

### B. Original Jurisdiction of the Court

Maddox argues that she has satisfied the *Barton* Doctrine since she brought her counterclaims in the district in which the bankruptcy case is pending. (Doc. 11 at 2.) She argues that, since Wagner was appointed by the Bankruptcy Court for the District of New Mexico, this Court has jurisdiction.

The merger of the jurisdiction of the district court and the bankruptcy court in order to avoid the reach of the *Barton* Doctrine has no legal basis. Maddox relies on *McNulta v. Lochridge*, 141 U.S. 327 (1891), and *LeBlanc v. Salem* (*In re Mailman Steam Carpet Cleaning Corp.*), 196 F.3d 1 (1st Cir. 1999), as support for her proposition, but even a cursory review of these cases reveals that they are not on point. *McNulta* merely explained that *Barton* "does not deprive any one [sic] of the right to sue where such right previously existed." 141 U.S. at 330. *LeBlanc* interpreted *McNulta* to mean that the jurisdictional bar "runs only to cases brought in courts other than *bankruptcy* court." 196 F.3d at 5 (emphasis added). These cases only clarify the logical conclusion that the *Barton* Doctrine will not apply if the party brings suit against the trustee in the bankruptcy court that appointed said trustee; it makes no mention of whether the bar applies to suits brought in the district court located within the same district.

Maddox correctly notes that a bankruptcy court is a unit of the district court, but this does not mean that the two courts are the same. *See* 28 U.S.C. § 151 (establishing the bankruptcy court as a separate unit of the district court); 9 AM. JUR. BANKRUPTCY § 390 ("[T]he bankruptcy court is a unit of the federal district court to which bankruptcy cases and proceedings are referred under the general order of reference from the district court."). In fact, the law makes it quite clear that they are

6

distinct tribunals for jurisdictional purposes. *See* 28 U.S.C. § 157(b)(1)&(2) (authorizing bankruptcy judges to "hear and determine" all "core" proceedings and enter final orders, including in claims against the estate); 28 U.S.C. § 158(a) (allowing appeals from a bankruptcy court on some matters to be heard in a district court); *In re Forty-Eight Insulations*, 115 F.3d 1294, 1298 (7th Cir. 1997) (discussing the complex jurisdictional issues between bankruptcy, district, and appellate courts).

Furthermore, treating the two courts as the same for the purpose of the *Barton* doctrine would undermine the *Barton* Doctrine's underlying concern for the efficiency of the bankruptcy proceedings. As Judge Posner of the Seventh Circuit once explained,

> [A] trustee in bankruptcy is working in effect for the court that appointed or approved him . . . . If he is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded . . . . Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively. It does this by compelling suits growing out of that work to be as it were prefiled before the bankruptcy judge that made the appointment; this helps the judge decide whether to approve this trustee in a subsequent case.

*In re Linton*, 136 F.3d at 545. To treat a district court as jurisdictionally equivalent to a bankruptcy court would not satisfy either of these policy concerns. I have no knowledge nor oversight of VCR's bankruptcy proceedings. Therefore, I am not in the best position to assess how litigation could impact the administration of VCR's estate. If were to grant Maddox leave to bring these claims, I might impede the bankruptcy court's work in this matter. Additionally, given my removal from the proceedings, my approval will not provide the bankruptcy court with the information it needs to assess the ongoing work of its appointed trustee, Wagner. While a district court and a bankruptcy court may have some overlapping jurisdiction, in the matters of suits against trustees, it is best to keep the two realms distinct.

### C.     Compulsory Counterclaims under Rule 13(a)

Maddox's final argument is that the Federal Rules of Civil Procedure require that she raise all counterclaims at this stage, or risk losing them, despite *Barton.* (*See* Doc. 11at 3-4 (citing FED. R. CIV. P. 13(a)).) However *Barton* and Rule 13(a) are not inapposite. Both can be satisfied. Wagner could have first gotten leave from the bankruptcy court and then filed a supplemental pleading asserting her counterclaims. *See* FED. R. CIV. P. 13(e) ("The Court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."). Under this approach, Maddox's right to file her counterclaim would be preserved. She may still proceed in this manner.

Furthermore, should Maddox seek leave from the bankruptcy court, but the bankruptcy court refuse to grant it, this will not prevent her from raising her claims at a later date. Compulsory counterclaims under Rule 13(a) must still meet subject matter jurisdiction requirements. Traditionally, a court's subject matter jurisdiction over counterclaims comes from its supplemental jurisdiction. *See Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574 (7th Cir. 1991) ("A federal court has supplemental jurisdiction over compulsory counterclaims."); *Naranjo v. Cnty. of Rio Arriba*, 862 F. Supp. 328, 334 (D.N.M. 1994). Supplemental jurisdiction, though, is not mandatory and is a matter of "judicial discretion." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The *Barton* Doctrine, on the other hand, is mandatory, and it trumps the discretionary grant of jurisdiction that stems from an application of Rule 13(a).

Maddox need not fear that injustice will result so long as she take the appropriate steps at this stage of the litigation to seek the leave of the bankruptcy court to file her counterclaims. In the absence of permission from the bankruptcy court, this Court does not have jurisdiction, and so Rule

13(a) cannot apply. As a matter of both equity and logic, she cannot be barred from asserting her claims if the bankruptcy court prevents her from raising her claims at this time.

## CONCLUSION

Wagner initiated this lawsuit against Maddox as part of her official duties in administering the bankruptcy estate of VCR. Since Maddox did not acquire leave of the United States Bankruptcy Court for the District of New Mexico to file her counterclaims, I may not consider them at this time. Therefore, I dismiss Maddox's counterclaims against Wagner, Salazar, and VCR without prejudice.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge